UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DENIS E. WERY,

        Petitioner,

v.                                      Case No. 05-C-0896

PEGGY A. LAUTENSCHLAGER,

        Respondent.

_____

ORDER

On August 19, 2005, Denis E. Wery filed a petition for a writ of habeas corpus. For the reasons stated below, the court will dismiss the petition with prejudice.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has exhausted available state remedies, avoided procedural

default and statute of limitations bars, and set forth cognizable constitutional or federal law claims.

Wery committed first-degree sexual assault of a child on April 20, 1996. Wery alleges that he has been illegally detained beyond his mandatory release date. With some exceptions, Wisconsin mandates that prisoners be released from prison when they have served two-thirds of their sentences. *See* Wis. Stat. § 302.11(1) ("The mandatory release date is established at two-thirds of the sentence.") Wery, however, falls within one of these exceptions. On April 21, 1994, Wisconsin's presumptive mandatory release law went into effect. *McGrath v. Morgan*, 2005 WL 2002504, *2 (W.D. Wis. Aug. 18, 2005). The mandatory release date for inmates convicted of "serious felonies," including sexual assault of a child, committed between April 21, 1994, and December 31, 1999, is not actually mandatory, but merely presumptive. Wis. Stat. § 302.11(1g); *McGrath*, 2005 WL 2002504, *2. The parole commission may deny mandatory release to an otherwise eligible inmate for the protection of the public or for a refusal to participate in counseling or treatment. Wis. Stat. § 302.11(1g)(b).

Wery claims that he is entitled to release because the presumptive mandatory parole scheme is unconstitutional. Wery's arguments pertaining to cruel and unusual punishment and double jeopardy are frivolous. Moreover, the

presumptive mandatory release scheme does not create a liberty interest in being paroled. *McGrath*, 2005 WL 2002504, *2; *State ex rel. Gendrich v. Litscher*, 632 N.W.2d 878, 881-83 (Wis. Ct. App. 2001). The court must dismiss Wery's petition with prejudice because it is plain that his petition sets forth no constitutional or federal law claims.

Additionally, even if Wery set forth cognizable claims, they are barred by procedural default. According to Wis. Stat. § 302.11(1g)(d), "(a)n inmate may seek review of a decision by the parole commission relating to the denial of presumptive mandatory release only by the common law writ of certiorari." The Wisconsin Court of Appeals held that even if Wery's motion to modify his sentence were construed as a petition for a writ of certiorari, it was untimely pursuant to Wis. Stat. § 893.735(2) because it was not filed within 45 days of the parole commission's decision.

Accordingly,

IT IS ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this   8th   day of September, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge